IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02125-PAB-BNB

**MICHAEL SCANLAN, individually and on behalf of all others similarly situated,**

 Plaintiff,

v.

**THE BANK AT BROADMOOR,**

 Defendant.

## DEFENDANT'S ORIGINAL ANSWER

 Subject to its Motion to Dismiss, Defendant The Bank at Broadmoor ("Broadmoor") files this Original Answer as follows:

 1. The statements in Paragraph 1 of the Complaint are not factual allegations. Accordingly, no response is required. To the extent a response is required, Broadmoor admits that Plaintiff brings an action for himself and others against Broadmoor alleging violations of the Electronic Fund Transfer Act ("EFTA") and its implementing regulations, but Broadmoor denies Plaintiff is entitled to the relief sought.

 2. The statements in Paragraph 2 of the Complaint are legal conclusions or recitations of legal authorities, as opposed to factual allegations, and no response is required.

 3. The statements in Paragraph 3 of the Complaint are legal conclusions or recitations of legal authorities, as opposed to factual allegations, and no response is required.

4. The statements in Paragraph 4 of the Complaint are legal conclusions or recitations of legal authorities, as opposed to factual allegations, and no response is required.

5. The statements in Paragraph 5 of the Complaint are legal conclusions or recitations of legal authorities, as opposed to factual allegations, and no response is required.

6. The statements in Paragraph 6 of the Complaint are legal conclusions or recitations of legal authorities, as opposed to factual allegations, and no response is required.

7. The statements in Paragraph 7 of the Complaint are legal conclusions or recitations of legal authorities, as opposed to factual allegations, and no response is required.

8. The statements in Paragraph 8 of the Complaint are legal conclusions or recitations of legal authorities, as opposed to factual allegations, and no response is required.

9. Admitted.

10. Admitted.

11. Broadmoor admits venue is proper in this judicial district. Otherwise, denied.

12. Broadmoor lacks knowledge and information sufficient to form a belief about the truth of the allegation set forth in Paragraph 12 of the Complaint. Accordingly, the allegation is denied.

13. Admitted.

14. Broadmoor admits that it operates automated teller machines. The remainder of the statements in Paragraph 14 of the Complaint are legal conclusions or recitations of legal authorities, as opposed to factual allegations, and no response is required.

15. Broadmoor lacks knowledge and information sufficient to form a belief about the truth of the allegations set forth in Paragraph 15 of the Complaint. Accordingly, the allegations are denied.

16. Admitted.

17. Broadmoor lacks knowledge or information sufficient to form a belief about the truth of the allegation set forth in Paragraph 17 of the Complaint. Accordingly, the allegation is denied.

18. Broadmoor lacks knowledge and information sufficient to form a belief about the truth of the allegation set forth in Paragraph 18 of the Complaint. Accordingly, the allegation is denied.

19. The statements in Paragraph 19 of the Complaint are subject to Broadmoor's Motion to Dismiss. Furthermore, the statements in Paragraph 19 are not factual allegations. For these reasons, no response is required. To the extent a response is required, Broadmoor admits that Plaintiff purports to bring a class action on behalf of himself and others similarly situated, but Broadmoor denies that Plaintiff can bring the requested class action against Broadmoor.

20. The statements in Paragraph 20 of the Complaint are subject to Broadmoor's Motion to Dismiss. Furthermore, the statements in Paragraph 20 are not factual allegations. For these reasons, no response is required. To the extent a response is required, Broadmoor admits that Plaintiff seeks to represent the defined class of persons, but Broadmoor denies that Plaintiff may represent the defined class of persons. Broadmoor also denies the defined class of persons is a proper class of persons under Federal Rule of Civil Procedure 23.

21. The statements in Paragraph 21 of the Complaint are subject to Broadmoor's Motion to Dismiss. Furthermore, the statements in Paragraph 21 are legal conclusions. For these reasons, no response is required. To the extent a response is required, Broadmoor lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21. Specifically, Plaintiff does not adequately define in Paragraph 20 the purported class members. Please also see Broadmoor's Motion to Dismiss. Accordingly, the allegations in Paragraph 21 are denied. Broadmoor also denies the allegations in Paragraph 21 with regard to any presently ascertainable class of persons that can be identified from the Complaint.

22. The allegations in Paragraph 22 of the Complaint are subject to Broadmoor's Motion to Dismiss. Accordingly, no response is required at this juncture. To the extent a response is required, Broadmoor lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 22. Specifically, Plaintiff does not adequately define in Paragraph 20 the purported class members. Please also see Broadmoor's Motion to Dismiss. Accordingly, the allegations in Paragraph 22 are denied. Broadmoor also denies the allegations in Paragraph 22 with regard to any presently ascertainable class of persons that can be identified from the Complaint.

23. The allegations in Paragraph 23 of the Complaint are subject to Broadmoor's Motion to Dismiss. Accordingly, no response is required at this juncture. To the extent a response is required, Broadmoor denies the allegations in Paragraph 23 of the Complaint.

24. The allegations in Paragraph 24 of the Complaint are subject to Broadmoor's Motion to Dismiss. Accordingly, no response is required at this juncture. To the extent a response is required, Broadmoor denies the allegations in Paragraph 24 of the Complaint.

25. The statements in Paragraph 25 of the Complaint are subject to Broadmoor's Motion to Dismiss. Furthermore, the statements in Paragraph 25 are legal conclusions. For these reasons, no response is required. To the extent a response is required, Broadmoor lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 25. Specifically, Plaintiff does not adequately define in Paragraph 20 the purported class members. Please also see Broadmoor's Motion to Dismiss. Accordingly, the allegations in Paragraph 25 are denied.

26. The allegations in Paragraph 26 of the Complaint are subject to Broadmoor's Motion to Dismiss. Accordingly, no response is required at this juncture. To the extent a response is required, Broadmoor lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 26. Specifically, Plaintiff does not adequately define in Paragraph 20 the purported class members. Please also see Broadmoor's responses to Paragraphs 15 through 18 above and its Motion to Dismiss. Accordingly, the allegations in Paragraph 26 are denied.

27. The statements in Paragraph 27 of the Complaint are subject to Broadmoor's Motion to Dismiss. Furthermore, the statements in Paragraph 27 are legal conclusions. For these reasons, no response is required. To the extent a response is required, Broadmoor denies the allegations in Paragraph 27.

28. The statements in Paragraph 28 of the Complaint are subject to Broadmoor's Motion to Dismiss. Furthermore, the statements in Paragraph 28 are legal conclusions. For these reasons, no response is required. To the extent a response is required, Broadmoor denies the allegations in Paragraph 28.

29. The statements in Paragraph 29 of the Complaint are subject to Broadmoor's Motion to Dismiss. Furthermore, the statements in Paragraph 29 are legal conclusions. For these reasons, no response is required. To the extent a response is required, Broadmoor lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 29. Accordingly, the allegations in Paragraph 29 are denied.

30. The statements in Paragraph 30 of the Complaint are subject to Broadmoor's Motion to Dismiss. Furthermore, the statements in Paragraph 30 are legal conclusions. For these reasons, no response is required. To the extent a response is required, Broadmoor denies the allegations in the first sentence of Paragraph 30. Broadmoor lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in the second and third sentences of Paragraph 30. Broadmoor admits the fourth sentence of Paragraph 30. Broadmoor lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in the fifth sentence of Paragraph 30. Broadmoor denies the remaining allegations of Paragraph 30.

31. The statements in Paragraph 31 of the Complaint are legal conclusions or recitations of legal authorities, as opposed to factual allegations, and no response is required.

32. The statements in Paragraph 32 of the Complaint are legal conclusions or recitations of legal authorities, as opposed to factual allegations, and no response is required.

33. The statements in Paragraph 33 of the Complaint are legal conclusions or recitations of legal authorities, as opposed to factual allegations, and no response is required.

34. The statements in Paragraph 34 of the Complaint are legal conclusions or recitations of legal authorities, as opposed to factual allegations, and no response is required.

35. Broadmoor lacks knowledge and information sufficient to form a belief about the truth of the allegation set forth in Paragraph 35 of the Complaint. Accordingly, the allegation is denied.

36. Broadmoor lacks knowledge and information sufficient to form a belief about the truth of the allegation set forth in Paragraph 36 of the Complaint. Accordingly, the allegation is denied.

37. Denied.

38. The statements in Paragraph 38 of the Complaint are not factual allegations. Accordingly, no response is required. In the event a response is required, Broadmoor denies that Plaintiff is entitled to the relief sought.

39. Broadmoor denies all relief requested in Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

40. If Broadmoor did not provide Plaintiff or any putative class member the requisite notice under the EFTA, such claims are barred, in whole or in part, by the "damaged notices" exception set forth in 15 U.S.C. § 1693h(d). Specifically, Plaintiff's claim is barred by 15 U.S.C. §1693h(d) because the notices were removed by a person other than the ATM operator. Section 1693h(d) specifically provides that, in such circumstances, "the operator shall have no liability under this section for failure to comply with Section 1693b(d)(3)(B)(i) of the title."

41. If Broadmoor did not provide Plaintiff or any putative class member the requisite notice under the EFTA, such claims are barred, in whole or in part, by 15 U.S.C. § 1693m(e) because the alleged violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

42. If Broadmoor did not provide Plaintiff or any putative class member the requisite notice under the EFTA, such claims are barred, in whole or in part, because any violation of EFTA was done or omitted in good faith in conformity with a rule, regulation, or interpretation propounded by the Federal Reserve Board.

43. If Broadmoor did not provide Plaintiff or any putative class member the requisite notice under the EFTA, such claims are barred, in whole or in part, by the doctrine of unclean hands.  Specifically, Plaintiff purposefully used the ATM with knowledge of the missing notice and with the specific intent to attempt to generate a cause of action against Broadmoor.  Plaintiff could have avoided any damages had he elected to do so.

44. If Broadmoor did not provide Plaintiff or any putative class member the requisite notice under the EFTA, such claims are barred, in whole or in part, by the doctrines of waiver and estoppel because the subject ATMs provided an EFTA-compliant on-screen notice to all customers who are subject to an ATM withdrawal fee, stating that the customer will be charged a fee if they affirmatively choose to continue with the transaction.  Plaintiff and all putative class members affirmatively chose to proceed with the transaction, knowing they would be charged a fee.

45. If Broadmoor did not provide Plaintiff or any putative class member the requisite notice under the EFTA, such claims are barred, in whole or in part, by his or their failure to mitigate damages because the subject ATMs provided an EFTA-compliant on-screen notice to all customers who are subject to an ATM withdrawal fee, stating that the customer will be charged a fee if they affirmatively choose to continue with the transaction.  Plaintiff and all putative class members had the opportunity to cancel the transaction and avoid the ATM fee

before any such fee was incurred, but they affirmatively chose to continue the transaction and incur the ATM fee..

46. If Broadmoor did not provide Plaintiff or any putative class member the requisite notice, such claims are barred by the doctrine of laches because Plaintiff waited until May 2011 to bring a claim arising in November 2010 in an effort to expand the class of putative class members.

WHEREFORE, Broadmoor requests and prays for judgment as follows:

1. that Plaintiff and any putative class of persons take nothing by way of the Complaint;

2. that the Complaint be dismissed in its entirety;

3. that Broadmoor be awarded judgment in its favor; and

4. that Broadmoor be awarded such other and further relief to which it is entitled.

Respectfully submitted,

*s/ John T. Gerhart*
John T. Gerhart
Eric R. Hail (*admission pending*)
HUNTON & WILLIAMS, LLP
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202
Telephone:  214.979.3000
Facsimile:  214.880.0011
Email:  jgerhart@hunton.com
Email:  ehail@hunton.com

**ATTORNEYS FOR DEFENDANT
THE BANK AT BROADMOOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant's Original Answer has been forwarded to all counsel of record via the District of Colorado's CM/ECF electronic filing system on this, the 26th day of September, 2011.

                                                              *s/ John T. Gerhart*
                                                              John T. Gerhart